# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0877** (Wirt County 14-F-22)

**Thomas H.,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas H., by counsel Robin S. Bonovitch, appeals the Circuit Court of Wirt County's August 12, 2015, order sentencing him to an aggregate term of fifteen to forty years of incarceration following his convictions on multiple counts of sexual crimes.[1] The State, by counsel Zachary Aaron Viglianco, filed a response. On appeal, petitioner argues that there was insufficient evidence to convict him and the circuit court erred in imposing his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, petitioner was indicted on one count of second-degree sexual assault, one count of third-degree sexual assault, and one count of incest. The charges stemmed from the allegation that petitioner, his father, and his brothers repeatedly sexually abused his teenage sister.

In June of 2015, petitioner's trial commenced. At trial, the victim testified regarding two incidents of assault by petitioner. She testified that petitioner forcibly sexually assaulted her on at least two occasions and that she was afraid to disclose the sexual assaults. Two individuals testified that the victim eventually disclosed to them that petitioner sexually assaulted her. Additionally, a psychologist and a pediatrician both testified that they believed that the victim had been sexually assaulted. The investigating police officer also testified that petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

provided a voluntary written statement after his arrest in which he admitted to having engaged in at least one instance of sexual intercourse with the victim. Petitioner testified in his own defense and admitted to engaging in inappropriate sexual contact with the victim.

Ultimately, petitioner was convicted of one count of second-degree sexual assault, one count of third-degree sexual assault, and one count of incest and sentenced to a period of not less than ten years nor more than twenty-five years of incarceration for second-degree sexual assault, a period of not less than one nor more than five years of incarceration for third-degree sexual assault, and a period of not less than five nor more than fifteen years of incarceration for incest. The circuit court ordered that the sexual assault sentences run concurrently to one another and the incest sentence to run consecutively, resulting in an aggregate sentence of fifteen to forty years of incarceration. It is from the sentencing order petitioner now appeals.

When discussing the sufficiency of the evidence, we have held that

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). It is clear from the record that the evidence before the jury was more than sufficient for it to find petitioner guilty on all charges.

To sustain his convictions, West Virginia Code § 61-8B-4 requires proof of the following: "[s]uch person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion; or [s]uch person engages in sexual intercourse or sexual intrusion with another person who is physically helpless." Additionally, West Virginia Code § 61-8B-5 requires proof of the following: "[t]he person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant and is not married to the defendant." Finally, West Virginia Code § 61-8-12 requires proof of the following: "[a] person is guilty of incest when such person engages in sexual intercourse or sexual intrusion with his or her father, mother, brother, sister, daughter, son, grandfather, grandmother, grandson, granddaughter, nephew, niece, uncle or aunt."

At trial, the victim testified that petitioner, her brother, forcibly sexually assaulted her on at least two occasions and that she did not give him her consent. She also testified that she was afraid to disclose the sexual assaults. According to the record, several other witnesses testified

and supported the victim's testimony that she was sexually assaulted by petitioner.[2] Petitioner himself corroborated the victim's testimony when he took the stand and admitted to engaging in inappropriate sexual contact with the victim. As outlined above, there was sufficient evidence for the jury to find that petitioner committed the sexual offenses as charged in the three-count indictment. As such, we find no error in this regard.

Regarding petitioner's claim that the circuit court erred in imposing his sentence, we have previously held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). Syl. Pt. 3, *State v. Georgius,* 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for his crimes are within the applicable statutory limitations.

Specifically, West Virginia Code § 61-8B-4 provides that any person convicted of second-degree sexual assault "shall be imprisoned in the penitentiary not less than ten nor more than twenty-five years, or fined not less than one thousand dollars nor more than ten thousand dollars and imprisoned in the penitentiary not less than ten nor more than twenty-five years." Additionally, West Virginia Code § 61-8B-5 provides that any person convicted of third-degree sexual assault "shall be imprisoned in a state correctional facility not less than one year nor more than five years, or fined not more than ten thousand dollars and imprisoned in a state correctional facility not less than one year nor more than five years." Finally, West Virginia Code § 61-8-12 provides that any person convicted of incest "shall be imprisoned in the penitentiary not less than five years nor more than fifteen years, or fined not less than five hundred dollars nor more than five thousand dollars and imprisoned in the penitentiary not less than five years nor more than fifteen years." It is clear that petitioner was sentenced within the applicable statutory guidelines and his sentence is not reviewable on appeal.

Petitioner argues that his sentence is excessive based upon his expectation of receiving a lighter sentence. The Court, however, notes that such an argument does not constitute an allegation that the circuit court based petitioner's sentence on an impermissible factor. As such, we reiterate that petitioner's sentence is, therefore, not reviewable on appeal.

For the foregoing reasons, the circuit court's August 12, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

---

[2]We have previously held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. pt. 5, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981).

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II